# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

### VAN CANFORT CO. v. MORRIS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8424. Decided June 25, 1928.

Middleton, PJ., and Mauck, J., of the 4th Dist., and Lemert, J., of the 5th Dist., sitting.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**480. EVIDENCE—557 Fraud.**
Testimony, tending to prove fraud in alteration of written contract, after signed, not inadmissible on grounds that it tends to change or modify terms of written contract.

**465. ERROR PROCEEDINGS.**
Where several issues are made by answer and verdict is general one, necessary for plaintiff in error to show substantial error in submission of every issue so raised, to warrant reversal.

Error to Common Pleas.

Judgment affirmed.

Sidney A. Davies, Cleveland, for Van Canfort Co.
E. P. Dowling, Cleveland, for Morris.

### FULL TEXT.

MIDDLETON, PJ.

This is a proceeding to reverse a judgment rendered on the verdict of the jury. An inspection of the record shows that the evidence adduced by the parties to this action in the trial court was conflicting on substantially every ultimate fact involved in the case. If the jury believed the testimony of the defendant, Margaret Morris, their verdict is amply supported by the evidence.

The complaint that her testimony tended to change or modify the terms of a written contract, and for that reason was not admissible, is not well founded. Her testimony is to the effect that the contract relied upon by the plaintiffs, is not the contract she signed, by reason of the alleged fraud on the part of the plaintiff by which certain provisions of the contract she claimed she did sign, was stricken therefrom. Under these claims her evidence clearly was admissible.

As before observed we are not warranted in disturbing this judgment, on the ground that it is against the manifest weight of the evidence, and we find no error in the charge of the court.

There were several issues in the case made by the answer of the defendant, and the verdict in her favor was a general one.

Under this status of the case, it would be necessary for the plaintiff in error to show substantial error in the submission of every issue raised by the defendant's answer, to warrant a reversal of the judgment. .

(Mauck and Lemert JJ., concur.)